UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE CLARK, PETE SMITH, and
W.L. WILLIAMS, III,

    Plaintiffs,

v.                                     CASE NO: 8:11-cv-1001-T-23EAJ

MERCHANDISE PICKUP SERVICE, INC.,

    Defendant.
_____/

## ORDER

    The plaintiffs sue (Doc. 1) under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. The parties move (Doc. 12) for approval of the proposed settlement (Doc. 12-1) and stipulate to dismissal with prejudice. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010); Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

    The parties state (1) that the plaintiffs worked to load and to unload trucks operated by the defendant, (2) that parties dispute whether the plaintiffs worked more than forty hours a week and whether the Motor Carrier Act exemption applies to the plaintiffs, (3) that each plaintiff's "home run" range of recovery is $1,000.00 to $3,000.00, (4) that the defendant agrees to pay the plaintiffs $1,500.00 in overtime wages and liquidated damages, and (5) that the defendant agrees to pay $1,950.00 in attorney's fees and costs.

Although otherwise reasonable, the settlement (Doc. 12-1) contains in paragraphs ten and eleven a pervasive general release and an indemnity agreement, which "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (order denying motion for approval of FLSA settlement). "A gratuitous concession in exchange for the required payment is 'unfair' because (1) the FLSA obligates the employer without exception or condition to pay the full amount owed and (2) a valuable, non-cash concession extended to the employer in exchange for otherwise 'full compensation' effectively reduces the employer's payment by an amount equal to the value of the concession (and accordingly reduces the employer's payment to less than 'full compensation'). 729 F. Supp. 2d at 1348-49.

Accordingly, the motion (Doc. 12) for approval is **DENIED**, and both the stipulation of dismissal with prejudice and the settlement agreement (Doc. 12-1) are **REJECTED**. On or before **July 18, 2011**, the parties must either (1) move for approval of an amended settlement agreement or (2) proceed with litigating this action.

ORDERED in Tampa, Florida, on July 7, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE